**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RM AUCTIONS, INC d/b/a RM
SOTHEBY'S and RM
FINANCIAL SERVICES LLC,

    Plaintiffs,

v.

JEAN GUIKAS and GTC SASU,

    Defendants.

Case No. 2:24-cv-12739

Hon.

## PETITION TO CONFIRM ARBITRATION AWARD

Plaintiffs, RM Auctions, Inc. d/b/a RM Sotheby's ("RMS") and RMS Financial Services LLC ("RMFS") (collectively referred to as "Plaintiffs"), by its attorneys, and pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, respectfully request this Court confirm and enter judgment on the arbitration award entered in favor of Plaintiffs and against Defendants, Jean Guikas ("Guikas") and GTC SASU ("GTC") (collectively referred to as "Defendants"). In support of their Petition, Plaintiffs state as follows:

## PARTIES

1. Plaintiff RMS is a Deleware corporation with its principal place of business at 1711 Thunderbird Street, Troy, Michigan 48084.

1

2. Plaintiff RMFS is a Delaware limited liability company with its principal place of business at 1711 Thunderbird Street, Troy, Michigan 48084.

3. On information and belief, Guikas is a French national who resides at 5, Avenue Lavoisier, Carnoux-en-Provence, 13470, France.

4. On information and belief, GTC is a French business entity that conducts business at 5, Avenue Lavoisier, Carnoux-en-Provence, 13470, France.

## JURISDICTION AND VENUE

5. This Court has subject matter of this action under 28 U.S.C. § 1332(a)(2) as this is a civil action based on diversity between citizens of a State and citizens or subjects of a foreign state and the amount in controversey exceeds $75,000, exclusive of interest and costs.

6. The Court has personal jurisdiction because the parties' Financing and Security Agreement (the "Agreement" attached as **Exhibit A**), provides that "[i]f mediation is unsuccessful, the parties shall proceed to arbitration near Detroit, Michigan, before one arbitrator and all proceedings shall be conducted in English." **Ex. A** ¶ 9.16. The parties agreed that "[j]udgment on the award may be entered in any court having jurisidiction." *Id.*

7. Venue is proper in this Court under § 9 of the FAA because the arbitration award was made in this judicial district and under 28 U.S.C. § 1391, in

that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## RELIEF SOUGHT

8. Plaintiffs seek an order from this Court under the FAA, 9 U.S.C. § 9, confirming the final arbitration award rendered by Arbitrator Peter V. Baugher, (the "Arbitrator") in arbitration proceedings conducted by the American Arbitration Association ("AAA") and entry of judgment under 9 U.S.C. § 13 in conformity with the award.

9. On April 12, 2024, the Arbitrator issued an award in favor of RMS and RMFS and against GTC and Guikas for breach of contract and resulting damages, finding that RMS and RMFS were entitled to an award in the amount of €18,256,466.89. In addition, as prevailing parties, the Arbitrator awarded RMS and RMFS their incurred attorneys' fees, expenses, and disbursements in the amount of €257,895.41 and ordered GTC and Guikas to bear the administrative fees of the ICDR and the compensation and expenses of the arbitrator in the amount of $171,440.00.

## BACKGROUND

10. On December 15, 2021, Plaintiffs and Defendants entered into an Agreement, whereby Plaintiffs provided Defendants with financing in the principal amount of €23.4 million. A copy of the Agreement is attached as **Ex. A**.

3

11. The purpose of the financing arrangement was to "address a number of transactions that have occurred since March 2021 between the Parties" and to "consolidate the transactions into one Agreement moving forward." *Id.* at p. 1.

12. These prior transactions included a March 2021 Advance Addendum to the parties' Auction Consignment Agreement, wherein RMFS provided an advance of €18,000,000 to Defendants in consideration for the Defendants pledging the cosigned auction cars as security, and an August 2021 Second Advance Addendum, wherein GTC agreed to purchase three cars from RMS for a total purchase price of €29,600,000. *Id.*

13. Under the Advances as rolled into the Agreement, Defendants received €47.6 million in financing from Plaintiffs. *Id.*

14. Under Section 3.2 of the Agreement, "Repayment" of the loan consisted of selling a 312PB as collateral and if that sale did not satisfy the loan, Defendants agreed to "consign and sell remaining Collateral" until there was full repayment. *Id.* ¶ 3.2.

15. Section 5.3 and Sections 6.1 through 6.3 similarly set forth provisions regarding the sale of Collateral or cash payments to make the full Repayment. If the sale of the Ferrari 312PB did not yield proceeds suffcent to satisfy the loan, Defendants could repay the balance either in cash or sell other items of Collateral itemized in Sections 6.1, 6.1.2, and 6.1.3 of the Agreement. *Id.* ¶ 6.1.

4

16. If selling all of the Collateral was still insufficient to satisfy the loan, the result was a "Termination Event," triggering clause 4 of the Conditions of Business of the Agreement. *Id.* ¶ 6.3.

17. Defendants timely made the €350,000 interest payment on January 7, 2022 and untimely made the €350,000 interest payment due on April 7, 2022 (on June 27, 2022).

18. Defendants failed to make the €350,000 interest payment that was due on July 7, 2022.

19. Defendants failed to repay the €23.4 million principal amount, interests, and costs by the December 20, 2022 repayment date. As of that date, the amount due and owing to Plaintiff was nearly €24.5 million.

20. On February 6, 2023, Plaintiffs demanded in writing that Defendants agree to mediation under Section 9.16 of the Agreement or waive mediation so Plaintiffs could proceed to file an arbitration claim.

21. On February 13, 2023, Defendants refused in writing to agree to mediation under the AAA. Rather, Defendants proposed mediation by a mediation service in Paris, France – to which Plaintiffs refused to agree.

22. Consistent with the parties' arbitration agreement in **Ex. A** requiring their disputes to be resolved in binding arbitration before the AAA, Plaintiffs commenced arbitration on March 24, 2023 (the "Arbitration").

23. Plaintiffs sought monetary damages resulting from Defendants' breach of contract.

24. On May 20, 2023, Plaintiff sold the Ferrari 312PB at public auction and accordingly credited Defendants' account by account by the €10.7 million net proceeds received. As of January 16, 2024, Defendants' account had a balance of €17,788,823.38, which was higher because fees, interest and expenses continued to accrue.

25. Defendants signed, initialed, and agreed to resolve any disputes arising out of the Agreement through mediation and arbitration, but throughout the arbitration proceeding, Defendants objected to the Arbitration.  In a October 31, 2023 Order, the Arbitrator concluded that Defendants' procedural objections were incorrect or unpersuasive.

26. On January 16, 2024, the Arbitrator conducted the Merits Hearing in Detroit, Michigan, as prescribed in the Agreement.

27. On April 12, 2024, the Arbitrator rendered an Award in favor of RMS and RMFS and against Guikas and GTC SASU (attached as **Exhibit B**).  First, the Arbitrator concluded that Plaintiffs proved their claim for breach of contract and resulting damages and awarded Plaintiffs' damages in the amount of €18,256,466.89. Second, as prevailing parties, the Arbitrator awarded Plaintiffs their incurred attorneys' fees, expenses, and disbursements in the amount of €257,895.41.

Third, the Arbitrator held that the administrative fees of the ICDR totaling $31,218.79 and the expenses of the Arbitrator totaling $140,222.20 should also be borne by Defendants.

28. Guikas and GTC SASU have not made payment on the Award.

29. No previous application has been made for the relief requested herein.

30. Section 9 of the Federal Arbitration Act provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

31. "Section 9 of the Federal Arbitration Act states that confirmation is a summary proceeding and the court must confirm the award where the award is not timely vacated, modified or corrected." *Thyssenkrupp Presta Danville, LLC v. TFW Indus. Supply & CNC Mach., LLC*, 19-mc-50863, 2019 U.S. Dist. LEXIS 188881, at *8 (E.D. Mich. Oct. 31, 2019), citing 9 U.S.C. § 9 ("the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."). "Thus, the plain language of the FAA presumes that arbitration awards will be confirmed, and it is well established that courts have a limited role in confirming an arbitration award under the FAA." *Id*. at *9. "The

7

parties have contracted for a decision by arbitrators, not the Court." *Id.*, citing *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226, 107 S. Ct. 2332 (1987) (holding that the FAA establishes a "federal policy favoring arbitration . . . requiring that we rigorously enforce agreements to arbitrate."); *also citing Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir. 1998); *Shelby Cty. Health Care Corp. v. A.F.S.C.M.E., Local 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992) ("It is well established that courts should play only a limited role in reviewing the decisions of arbitrators.").

32. The arbitration Award has not been vacated, modified or corrected.

33. Pursuant to 9 U.S.C. § 9, Plaintiffs bring this action and request confirmation of the Award within one year after the Award was rendered.

34. Accordingly, the Court should issue an order confirming the April 12, 2024 Award attached as **Ex. B** and direct that judgment be entered thereon.

WHEREFORE, Petitioners respectfully request that this Court enter the following:

1. An order pursuant to 9 U.S.C. § 9 confirming the April 12, 2024 Award attached as **Ex. B**;

2. Judgment thereon pursuant to 9 U.S.C. § 13;

3.  Attorneys' fees incurred in bringing this Complaint to Confirm the Arbitration Award; and

4.  Any additional relief the Court deems just and proper.

Dated: October 16, 2024

                                  Respectfully submitted,

                                  /s/ Mark J. Magyar
Mark J. Magyar (P75090)
DYKEMA GOSSETT PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933
(616) 776-7523
mmagyar@dykema.com

Ashley R. Fickel
DYKEMA GOSSETT PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
(213) 457-1758
afickel@dykema.com