UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RM AUCTIONS, INC. d/b/a RM
SOTHEBY'S and RM FINANCIAL
SERVICES LLC,

        Plaintiffs,

v.

JEAN GUIKAS and GTC SASU,

        Defendants.
_____/

Case No: 24-12739

Honorable Nancy G. Edmunds

## ORDER CONFIRMING ARBITRATION AWARD

Before the Court is Petitioners RM Auctions, Inc. d/b/a RM Sotheby's and RMS Financial Services LLC (collectively "Petitioners")'s petition to confirm the arbitration award entered in their favor against Respondents Jean Guikas and GTC SASU (collectively "Respondents") and enter judgment on the same. (ECF No. 1.) Respondents were served on November 25, 2024 and have not answered the petition. (ECF No. 5.) The Court will presume Respondents have no objection to the petition.

Section 9 of the Federal Arbitration Act ("FAA") states that if the parties:

> have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such an application may be made to the United States court in and for the district within which such award was made.

1

9 U.S.C. § 9. Section 10(a) of the FAA provides that a court may vacate an arbitration award upon application of a party thereto:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Section 11 in turn provides "the United States court in and for the district wherein the award was made" may modify or the award upon application by any party to the arbitration:

> (a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

Here, the parties' agreement states that "[a]ny dispute, claim, or controversy arising out of or relating to this Agreement . . . shall exclusively be subject to arbitration, and shall first be subject to mediation as a condition precedent to arbitration." (ECF No. 1-2, PageID.18-19.) Their agreement further states, "[i]f mediation is unsuccessful, the parties shall proceed to arbitration near Detroit, Michigan . . . . Judgment on the award may be entered in any court having jurisdiction." *Id.* at 19. The Court has jurisdiction because the arbitration

2

award was made in Detroit, Michigan. (ECF No. 1-3, PageID.40.) The award was made within one year of this petition coming before the Court, thus satisfying the FAA's requirements. *See* 9 U.S.C. § 9. Further, the Sixth Circuit has noted that "[w]here the parties have agreed to submit a matter to an arbitrator, the function of a reviewing court is very limited . . . ." *Shelby Cnty. Health Care Corp. v. Am. Fed'n of State, Cnty. and Mun. Empl. Loc. 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992). The Court finds no reason under Sections 10 or 11 of the FAA to vacate or modify the arbitration award. 9 U.S.C. §§ 10-11. Accordingly, the Court CONFIRMS the arbitration award.

     SO ORDERED.

                s/ Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: April 8, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 8, 2025, by electronic and/or ordinary mail.

                s/ Marlena Williams
                Case Manager